**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| TALBOT'S PHARMACEUTICALS FAMILY PRODUCTS, LLC, TALBOT'S PHARMACEUTICALS ASIA PACIFIC LIMITED, and ADMAR INTERNATIONAL, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> KID2, INC., d/b/a SUMMER INFANT INGENUITY <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.:  3:25-CV-1246 <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE ADVERTISING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (LUTPA)

This is an action for copyright infringement, false advertising, trademark infringement, unfair competition, and Louisiana unfair trade practices.  Plaintiffs seek injunctive and monetary relief.   Plaintiffs Talbot's Pharmaceuticals Family Products, LLC (TPFP), Talbot's Pharmaceuticals Asia Pacific Limited (TAP), and Admar International, Inc. (Admar) (collectively Plaintiffs), charge Defendant, Kids2, Inc., d/b/a Summer Infant Ingenuity (Summer) with copyright infringement pursuant to 17 U.S.C. §501, federal false comparative advertising in violation of 15 U.S.C. § 1125(a), federal and state trademark infringement in violation of 15 U.S.C. § 1114 and La. R.S. 51:222, and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51-1401 et seq. (LUTPA).  Defendant is publicly displaying a copy of TPFP's copyrighted image as part of an online advertisement promoted on the websites at Amazon.com, Walmart.com, Target.com, and Kids2.com, all without authorization from

Plaintiffs. Further, that copyrighted image is being used to make a false, misleading and deceptive comparison of Plaintiffs' NUBY MY REAL POTTY training toilet with Defendant's MY SIZE POTTY PRO training toilet. The unauthorized copying and public display of TPFP's copyrighted image is a violation of TPFP's rights protected by 17 U.S.C. §106 and constitutes copyright infringement pursuant to 17 U.S.C. §501. The advertisement falsely depicts the Parties' training toilets as being the same size when in fact Plaintiffs' NUBY MY REAL POTTY is substantially larger than Defendant's MY SIZE POTTY PRO. Defendant's advertisement is a misrepresentation of the nature, characteristics and qualities of Plaintiffs' NUBY MY REAL POTTY training toilet in violation of 15 U.S.C. § 1125(a)(1)(B). Defendant uses Admar's registered NUBY trademarks in a false, misleading and deceptive manner without authorization from Admar and thereby infringes Admar's federal and state trademark registrations in violation of 15 U.S.C. § 1114 and La. R.S. 51:222. By use of its false, misleading and deceptive comparative advertisement, Defendant has wrongfully diverted sales from Plaintiffs to Defendant causing Plaintiffs to lose substantial sales severely damaging Plaintiffs business. Defendant's false, misleading and deceptive comparative advertisement also constitutes an unfair or deceptive method, act or practice in the conduct of trade or commerce in violation of La. R.S. 51:211, et seq., and 51:1401, et seq. Plaintiffs seek injunctive relief, damages, enhanced damages, reasonable attorneys' fees, costs and expenses.

## **THE PARTIES**

1.    Plaintiff TPFP is a Louisiana limited liability company having its principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2.    Plaintiff TAP is a corporation organized and existing under the laws of Hong Kong having an office and place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

3.      Plaintiff Admar is a Delaware corporation having its principal place of business at 1200 University Avenue, Monroe Louisiana 71203.

4.      Defendant Summer is a corporation organized under the laws of the State of Georgia having its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta Georgia 30305.

## SUBJECT MATTER JURISDICTION

5.      This is a civil action for federal copyright infringement pursuant to 17 U.S.C. §501, federal false advertising and unfair competition pursuant to 15 U.S.C § 1125(a), federal trademark infringement pursuant to 15 U.S.C. § 1114, state trademark infringement pursuant to La. R.S. 51:222, and state unfair trade practices pursuant to La. R.S. 51:211 et seq. and La. R.S. 51:1401 et seq.  The copyright action involves acts of copyright infringement committed by Defendant in the copying and public display of TPFP's copyrighted image.  The trademark infringement claims arise out of Defendant's unauthorized use of the NUBY trademarks.  The false advertising, unfair competition, and unfair trade practices claims arise out of Defendant's publication of a false, misleading and deceptive comparative advertisement.  The state trademark, unfair competition, and unfair trade practices claims are joined and substantially related to the federal trademark, false advertising, and unfair competition claims as they arise out of the same circumstances and events. Plaintiffs seek injunctive relief, damages, enhanced damages, reasonable attorneys' fees, costs and expenses.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright and Trademark Laws of the United States and the assertion of the Louisiana state trademark infringement, unfair competition, and unfair trade practices claims are joined with a substantial and related claim under the Trademark

3

Laws of the United States. The Court also has jurisdiction pursuant to the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## **PERSONAL JURISDICTION**

7.     This Court has personal jurisdiction over the Defendant because (i) Plaintiffs' claims arise in whole or in part out of Defendant's purposeful and intentional conduct in Louisiana and within this Judicial District, (ii) Defendant advertises, promotes, markets, distributes, publicly displays, offers for sale and sells to residents of Louisiana products depicted in the false, misleading and deceptive comparative advertisement that infringes TPFP's copyrighted image and Admar's registered and common law trademarks, these acts directly give rise to the claims alleged in this action, and Defendant is therefore, for purposes of personal jurisdiction, doing business in the State of Louisiana including within this Judicial District, (iii) Defendant derives substantial income directly from the promotion, advertising, marketing, distribution, public display, offer for sale and sale to consumers, customers and purchasers in the State of Louisiana, of products depicted in the false, misleading and deceptive comparative advertisement that infringes TPFP's copyrighted image and registered and common law trademarks, and from those acts, Defendant derives substantial revenue and profits, (iv) Defendant's activities giving rise to this action are occurring on an ongoing basis in the State of Louisiana, (v) Consumers, customers and potential purchasers who are targeted by Defendant's false, misleading and deceptive comparative advertisement reside in the State of Louisiana and within this Judicial District, (vi) Defendant advertises, promotes, markets, distributes, publicly displays, offers for sale and sells products depicted in the false, misleading and deceptive comparative advertisement that infringes TPFP's copyrighted image and Admar's registered trademarks, that are injected into the stream of commerce with the intent and expectation that those products will be purchased by consumers,

4

customers and potential purchasers in Louisiana and within this Judicial District and (vii) Defendant obtains substantial financial benefits from the Louisiana market by advertising and selling products depicted in the false comparative advertisement, that infringes the TPFP's copyrighted image and Admar's registered and common law trademarks, that are ultimately delivered in Louisiana and within this Judicial District.

8.     Defendant is subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S.13:3201, because Defendant has availed itself of the privilege of transacting business within this State, including engaging in the acts alleged herein through the conduct, solicitation, promotion, advertising, marketing, distribution, public display, offering for sale and sale in this State of products depicted in the false, misleading and deceptive comparative advertisement that infringes the TPFP's copyrighted image and Admar's registered trademarks, and causing injury or damage in this state through its acts and omissions.

9.     The allegations and claims set forth in this action arise out of Defendant's acts undertaken throughout this State and within this Judicial District, such that it would be reasonable for this Court to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

10.     Upon further information and belief, Defendant has also established minimum contacts with this Judicial District and upon information and belief regularly transacts and does business within this Judicial District, including directly and through third parties, promoting, advertising, marketing, distributing, publicly displaying, offering for sale and selling at physical retail stores of Walmart and Target and over the internet websites at Amazon.com, Walmart.com, Target.com, and Kids2.com, to consumers, customers and purchasers residing within this State and within this Judicial District, products depicted in the false, misleading and deceptive

comparative advertisement that also infringes TPFP's copyrighted image and Admar's registered and common law trademarks. Defendant has purposefully directed activities at citizens of this State and located within this Judicial District.

## VENUE

11.     Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(a) because a substantial part of the events, activities or omissions giving rise to the claims occurred in, and a substantial part of the property that is the subject of this action is situated in, and the Defendant can be found in, the State of Louisiana and within this Judicial District and the Court has personal jurisdiction over this Defendant.

## STATEMENT OF FACTS

12.     Plaintiff TPFP has, for many years, designed, developed, distributed and sold innovative, high quality and attractive products for use by babies, young children and their care givers. TPFP primarily sells products within the United States.

13.     TAP has been in business for many years primarily to sell TPFP designed and developed products outside of the United States.

14.     Admar is an owner and manager of intellectual property, including the NUBY registered and common law trademarks, licensed to TPFP and TAP.

15.     TPFP's headquarters is in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where all its employees and managers are located.

16.     TAP has an office in Monroe, Louisiana, where it conducts some of its business, maintains most of its corporate books and records, and where most of its officers and directors are located.

17.     Admar's headquarters is in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where all its officer and director are located.

18.     Plaintiffs TPFP's and TAP's products enjoy a good reputation with consumers in the United States and around the world for innovative, high quality and attractive products and product designs.

19.     Plaintiffs TPFP's and TAP's products are among the most popular and well-known products in the baby products industry, and those products are famous throughout the United States and the world.

20.     Among the numerous products designed, developed and sold by Plaintiffs TPFP and TAP is the NUBY MY REAL POTTY training toilet.  An image of Plaintiff TPFP's and TAP's NUBY MY REAL POTTY training toilet is attached as Exhibit 1.

## COPYRIGHT INFRINGEMENT

21.     TPFP is the author and owner of Copyright Registration No. VA0002456886 for the work titled MY REAL POTTY IMAGE.  The work was registered with the United States Copyright Office and has an Effective Date of August 6, 2025, and a Registration Date of August 8, 2025 (the Copyrighted Work).  A copy of a printout from the Copyright Office evidencing the registration is attached as Exhibit 2.

22.     Defendant, without authorization from TPFP, copied and is displaying to the public by way of advertising an unauthorized copy of TPFP's Copyrighted Work.  Defendant's advertisement using the unauthorized copy of the Copyrighted Work displayed to the public is shown in Exhibit 3.  Defendant is publicly displaying the unauthorized copy of the Copyright Work on Amazon.com, Walmart.com, Target.com, and Kids2.com websites.  Copies of Defendant's

webpages showing the unauthorized copy of the Copyrighted Work displayed to the public are attached as Exhibits 4A, 4B, 4C, and 4D.  Defendant's unauthorized copying and public display of the Copyrighted Work within this Judicial District, all without authorization or permission from Plaintiff TPFP, constitutes infringement of Plaintiff TPFP's copyright in the Copyrighted Work and Plaintiff TPFP is being damaged by Defendant's infringing conduct.

23.     Defendant's infringing conduct is willful and was undertaken with the knowledge of TPFP's rights in the Copyrighted Work, all in an unlawful scheme to illegally profit from Defendant's misconduct.  Plaintiff TPFP is being damaged by Defendant's willful and intentional copyright infringement.

## FALSE ADVERTISING, UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES

24.     Plaintiff TPFP is the creator, designer, and owner of the product design, together with various versions thereof, for the NUBY MY REAL POTTY training toilet shown in Exhibit 1.

25.     Defendant created the comparative advertisement shown in Exhibit 3 and publicly displayed same as shown in Exhibits 4A, 4B, 4C, and 4D.  That advertisement compares features of Defendant's training toilet with TPFP's NUBY MY REAL POTTY training toilet.  The advertisement falsely, misleadingly and deceptively depicts Defendant's training toilet to be of like size to TPFP's NUBY MY REAL POTTY training toilet.  In fact, TPFP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  As shown in Exhibit 5, Defendant's training toilet is much smaller than TPFP's NUBY MY REAL POTTY training toilet.  Defendant's comparative advertisement is false, misleading and deceptive.  Defendant's false, misleading and deceptive comparative advertisement creates an impression among customers, consumers and purchasers that the two products are of similar size when in fact they are not.  The

advertisement was created to mislead and deceive customers, consumers and purchasers and, based on consumer comments posted on Amazon.com, has in fact misled and deceived them.

26.    Defendant's false, misleading and deceptive comparative advertisement was created with the intention of diverting sales from Plaintiffs TPFP and TAP to Defendant.  Since Defendant first published its false, misleading and deceptive comparative advertisement, substantial sales have been wrongfully diverted from Plaintiffs TPFP and TAP to Defendant causing Plaintiffs TPFP and TAP to lose sales and suffer substantial damages.

27.    Defendant's false, misleading and deceptive comparative advertisement has been published on the Amazon.com, Walmart.com, Target.com, and Kids2.com websites.  Copies of the false, misleading and deceptive comparative advertisement displayed on the websites are shown in Exhibits 4A, 4B, 4C, and 4D.

28.    Defendant's false, misleading and deceptive comparative advertisement is intentionally directed at consumers, potential customers and purchasers throughout the United States, including residents of Louisiana, and the world in a willful, unlawful, and unfair campaign using a comparative advertisement in a false, deceptive and misleading manner.  Defendant's false, misleading and deceptive comparative advertisement is prominently displayed on Defendant's webpages on Amazon.com, Walmart.com, Target.com, and Kids2.com, among others, and intentionally targets residents and citizens of the United States, including Louisiana, and the rest of the world.

29.    Defendant's false, misleading and deceptive comparative advertisement is likely to cause consumer mistake by misleading consumers, customers or potential purchasers into believing that Plaintiffs TPFP's and TAP's and Defendant's products are the same size when in fact Plaintiffs TPFP's and TAP's product is much larger.  Defendant's false, misleading and

deceptive comparative advertisement is intended to and does unfairly and wrongfully attract consumers, customers and potential purchasers to Defendant's training toilet and away from Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet.

30.     Defendant intentionally directs its activities at residents of the United States, including the residents of Louisiana and within this Judicial District, and the rest of the world in a scheme to deceive and mislead in such a way that a consumer, customer or potential purchaser believes that Plaintiffs TPFP's and TAP's and Defendant's products are the same size when in fact Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  A consumer, customer or potential purchaser including those residing in Louisiana and within this Judicial District seeing Defendant's false, misleading and deceptive comparative advertisement are misled and deceived into believing that Defendant's smaller training toilet is the same size as Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet.  Plaintiffs TPFP and TAP, consumers, customers and potential purchasers including those residents in Louisiana will all be harmed when Defendant's training toilet is purchased in the belief that it is the same size as the NUBY MY REAL POTTY training toilet sold by TPFP and TAP.

31.     Plaintiffs TPFP and TAP are also being harmed and damaged by having to sell their NUBY MY REAL POTTY training toilet at lower prices than they would have to but for Defendant's false, misleading and deceptive activities and unfair actions.  Plaintiffs TPFP and TAP also lose convoyed sales of other products when Defendant wrongfully diverts sales from Plaintiffs TPFP and TAP to Defendant.  Plaintiffs TPFP and TAP are also damaged to the extent they incur higher costs, such as additional advertising, promotional and marketing expenses, to combat reputational injuries to Plaintiffs TPFP and TAP directly due to Defendant's wrongful and unlawful false, misleading and deceptive activities and unfair actions.

32.     Defendant's training toilet is inferior to and lacks the quality of Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet.  The consumer, customer or purchaser who purchases the Defendant's inferior and poor quality product believing it to be the same size as Plaintiff TPFP's and TAP's innovative, high-quality and attractive product will be harmed.  To the extent a consumer, customer or potential purchaser who purchases the Defendant's inferior and poor quality product believing it to be comparable to Plaintiffs TPFP's and TAP's product, is likely to look dis-favorably on Plaintiffs TPFP and TAP, damaging Plaintiffs TPFP's and TAP's reputation.  Plaintiffs TPFP and TAP will also be damaged by losing sales rightfully belonging to Plaintiffs TPFP and TAP that are unlawfully diverted from Plaintiffs TPFP and TAP to Defendant.

33.     Plaintiffs TPFP and TAP and Defendant are generally competitors in the field of child and baby products and specifically competitors in the market for training toilets.

34.     Defendant's activities directed at consumers, customers and potential purchasers, including those who are resident in the State of Louisiana as described hereinabove constitute unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade and commerce.

35.     Defendant's acts of unfair competition and deceptive acts and practices in the conduct of trade and commerce were and are willful and Defendant has profited and will continue to profit from its improper and unlawful activities unless enjoined by this Court.

36.     Plaintiffs TPFP and TAP have and will continue to suffer substantial damages as a direct result of Defendant's bad faith activities and therefore Plaintiffs TPFP and TAP seek judgment against Defendant in an amount commensurate with their losses plus reasonable attorneys' fees, and for legal interest from the date of judicial demand until paid and for all costs of these proceedings.

37.     Defendant is domiciled in the State of Georgia and may be served under Rule 4 of the Federal Rules of Civil Procedure and the provisions of the Louisiana Long Arm Statute.

## **TRADEMARK INFRINGEMENT**

38.     Admar is the owner of valid and subsisting United States Trademark Registration No. 6,441,854 for the NUBY word trademark in Class 21 that includes portable potties for children also known as training toilets.  Attached as Exhibit 6A is a copy of the Registration Certificate for the NUBY word trademark in Class 21 issued by the United States Patent and Trademark Office. Plaintiff Admar has federal common law rights in the stylized version of the NUBY trademark as shown on Exhibit 6B.

39.     Admar is also the owner of valid and subsisting Louisiana Trademark Registration Nos. 66-9913 and 66-9915 for the NUBY trademark in Class 21.  Registration No. 66-9913 covers the NUBY word trademark in Class 21 while Registration Certificate No. 66-9915 covers the stylized version of the NUBY trademark.  The Louisiana State Registrations for the NUBY trademark in Class 21 apply, *inter alia*, to a child's potty or training toilet.  Attached as Exhibits 7 and 8 are the respective copies of the Louisiana State Registration Certificates.

40.     Admar licenses TPFP and TAP to use the NUBY trademarks on goods, including a child's potty or training toilet.

41.     Admar and its licensees have used the NUBY trademarks in commerce throughout the United States, including Louisiana, and the rest of the world continuously since April 30, 1994, in connection with the distribution, marketing, advertising, promotion, offer for sale and sale of TPFP's NUBY MY REAL POTTY training toilet.  TPFP's NUBY MY REAL POTTY training toilet is innovative, high quality and attractive and is well regarded by customers and the

consuming public.  Exhibit 1 shows the NUBY trademarks applied to TPFP's NUBY MY REAL POTTY training toilet.

42.     As a result of Admar's and its licensees widespread, exclusive and continuous use of the NUBY trademarks to identify its goods and Admar as their source, Plaintiff Admar owns valid and subsisting federal statutory and common law rights to the NUBY trademarks.  By virtue of its Louisiana Trademark Certificates, Plaintiff Admar owns valid and subsisting Louisiana statutory rights.

43.     The NUBY trademarks are distinctive to both the consuming public and Plaintiffs' trade.

44.     Plaintiff Admar and its licensees, TPFP and TAP, have expended substantial time, money, and resources marketing, advertising and promoting training toilets sold under the NUBY trademarks.

45.     Plaintiff Admar, through its licensees TPFP and TAP, distributes and sells training toilets under the NUBY trademarks to retailers including Amazon.com, Walmart, and Target. Defendant is also promoting its training toilet on its own website, Kids2.com.  The sales of training toilets using the NUBY trademarks have been substantial.

46.     As a result of its distinctiveness and widespread use and promotion throughout the United States, the NUBY trademarks are famous trademarks within the meaning of 15 U.S.C. § 1125(c) and became famous prior to the acts of the Defendant alleged herein.

47.     Defendant is engaged in the business of selling training toilets in competition with Plaintiff Admar's licensees TPFP and TAP.

48.     Defendant created a false, misleading and deceptive comparative advertisement, shown in Exhibits 3, 4A, 4B, 4C, and 4D, that includes an image of TPFP's NUBY MY REAL POTTY training toilet that prominently displays the NUBY trademarks.

49.     That advertisement compares features of Defendant's training toilet with TPFP's NUBY MY REAL POTTY training toilet.  The advertisement falsely and deceptively depicts Defendant's training toilet to be of like size to TPFP's NUBY MY REAL POTTY training toilet. In fact, TPFP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  As shown in Exhibit 5, Defendant's training toilet is much smaller than TPFP's NUBY MY REAL POTTY training toilet.

50.     Defendant's comparative advertisement is false, misleading and deceptive. Defendant's false, misleading and deceptive comparative advertisement creates an impression among customers, consumers and purchasers that the two products are of similar size when in fact they are not.  The advertisement was intentionally created to mislead and deceive customers, consumers and purchasers and has in fact misled and deceived them as evidenced by the customer reviews posted on Amazon.com.

51.     Defendant's false, misleading and deceptive comparative advertisement was created with the intention, *inter alia*, of tarnishing Plaintiff Admar's NUBY trademarks.  Since Defendant first published its false, misleading and deceptive comparative advertisement, substantial sales have been diverted from Plaintiffs TPFP and TAP to Defendant causing Plaintiffs TPFP and TAP to lose sales and suffer substantial damages.

52.     Defendant's false, misleading and deceptive comparative advertisement using the NUBY trademarks has been published on the Amazon.com, Walmart.com, Target.com, and

Kids2.com websites.  Copies of the false, misleading and deceptive comparative advertisement using the NUBY trademarks are shown in Exhibits 4A, 4B, 4C, and 4D.

53.    Defendant's false, misleading and deceptive comparative advertisement using the NUBY trademarks is intentionally directed at consumers, potential customers and purchasers throughout the United States, including residents of Louisiana in a willful, unlawful, and unfair campaign to confuse, deceive and mislead consumers, potential customers and purchasers. Defendant's false, misleading and deceptive comparative advertisement using the NUBY trademarks is prominently displayed on Defendant's webpages on Amazon.com, Walmart.com, Target.com, and Kids2.com, among others, and intentionally targets residents and citizens of the United States and Louisiana.

54.    Defendant's false, misleading and deceptive comparative advertisement is likely to cause consumer mistake by misleading consumers, customers or potential purchasers into believing that Plaintiffs TPFP's and TAP's and Defendant's products are the same size when in fact Plaintiffs TPFP's and TAP's product is much larger.  Defendant's false, misleading and deceptive comparative advertisement is intended to and does unfairly attract consumers, customers and potential purchasers to Defendant's training toilet and away from Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet.

55.    Defendant intentionally directs its activities at residents of the United States including the residents of Louisiana and within this Judicial District in a scheme to deceive and mislead in such a way that a consumer, customer or potential purchaser believes that Plaintiffs TPFP's and TAP's and Defendant's products are the same size when in fact, as shown in Exhibit 5, Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  A consumer, customer or potential purchaser including those residing

in Louisiana and within this Judicial District seeing Defendant's false, misleading and deceptive comparative advertisement will likely be misled and deceived into believing that Defendant's smaller training toilet is the same size as Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet. Plaintiffs TPFP and TAP, consumers, customers and potential purchasers including those who are resident in Louisiana will all be harmed when Defendant's training toilet is purchased in the belief that it is the same size as the TPFP NUBY MY REAL POTTY training toilet.

56.    Plaintiffs TPFP and TAP are also being harmed and damaged by having to sell their NUBY MY REAL POTTY training toilet at lower prices than they would have to but for Defendant's false, misleading and deceptive activities and unfair actions. Plaintiffs TPFP and TAP also lose convoyed sales of other products when Defendant wrongfully diverts sales from Plaintiffs TPFP and TAP to Defendant. Plaintiffs TPFP and TAP are also damaged to the extent they incur higher costs, such as additional advertising, promotional and marketing expenses, to combat reputational injuries to Plaintiffs TPFP and TAP directly due to Defendant's wrongful and unlawful false, misleading and deceptive activities and unfair actions.

57.    Defendant's training toilet is inferior to and lacks the quality of Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet. The consumer, customer or purchaser who purchases the Defendant's inferior and poor quality training toilet believing it to be the same size as Plaintiff TPFP's and TAP's innovative, high-quality and attractive training toilet will be harmed. To the extent a consumer, customer or potential purchaser who purchases the Defendant's inferior and poor quality training toilet believing it to be comparable to Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet, is likely to look dis-favorably on Plaintiffs TPFP and TAP, damaging Plaintiffs TPFP's and TAP's reputation. Plaintiffs TPFP and TAP will also

be damaged by losing sales rightfully belonging to Plaintiffs TPFP and TAP that will be unlawfully diverted from Plaintiffs TPFP and TAP to Defendant.

58.    Plaintiff Admar and its licensees TPFP and TAP are being damaged by Defendant's willful infringing conduct and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiffs Admar, TPFP and TAP have no adequate remedy at law to address these injuries and, upon information and belief, unless Defendant is enjoined by this Court, Defendant will continue to infringe Plaintiff Admar's registered and common law trademarks.

59.    Plaintiff Admar has and will continue to suffer substantial injury as a direct result of Defendant's bad faith activities and therefore Plaintiff Admar seeks damages, an injunction and a judgment against Defendant in an amount commensurate with Plaintiff Admar's losses plus reasonable attorneys' fees and for legal interest from the date of judicial demand until paid and for all costs of these proceedings.

### CLAIM I – COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 (TPFP)

60.     Plaintiff TPFP incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

61.    The MY REAL POTTY IMAGE (Copyrighted Work) constitutes an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq.  Plaintiff TPFP is the author and exclusive owner of all rights under copyright in and to the Copyrighted Work.

62.    On August 8, 2025, Plaintiff TPFP obtained the registration for the Copyrighted Work as shown in Exhibit 2.

63.     Defendant's conduct in reproducing, copying and publicly displaying Plaintiff TPFP's Copyrighted Work without authorization or permission from TPFP constitutes copyright infringement.   Defendant's infringing activities are willful and with full knowledge of Plaintiff TPFP's rights in the Copyrighted Work and has enabled Defendant to illegally profit from that infringing conduct.

64.     Plaintiff TPFP is being damaged by Defendant's willful infringing conduct and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.   Upon information and belief, unless Defendant is enjoined by this Court, Defendant will continue to infringe Plaintiff TPFP's copyrights in the Copyrighted Work.

65.     Plaintiff TPFP seeks damages, an injunction, costs and attorneys' fees, together with prejudgment and post-judgment interest, all to the full extent that the law allows, for Defendant's infringing conduct.

## CLAIM II – FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1125 (TPFP & TAP)

66.     Plaintiffs TPFP and TAP incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

67.     Plaintiff TPFP is the original creator, designer, distributor and seller of the NUBY MY REAL POTTY training toilet shown in Exhibit 1.   Plaintiffs TPFP's NUBY MY REAL POTTY training toilet is of high quality and widely sold throughout the world including the United States, the State of Louisiana and within this Judicial District.   Plaintiff TAP is authorized by Plaintiff TPFP to sell the NUBY MY REAL POTTY training toilet throughout the world outside of the United States.   Plaintiffs TPFP and TAP are licensed to use Plaintiff Admar's NUBY trademark on goods including training toilets.

68.    Defendant offers for sale and sells a competing training toilet on Amazon.com that is delivered to residents of Louisiana using distribution facilities located in Louisiana.

69.    Defendant also offers for sale and sells to residents of Louisiana and within this Judicial District that same competing training toilet on Walmart.com and Target.com and in Walmart and Target retail stores located in the United States, Louisiana and within this Judicial District.  Defendant also promotes its training toilet on Kids2.com to residents of Louisiana and within this Judicial District.

70.    Defendant promotes, advertises, markets, distributes, offers for sale and sells its competing training toilet using a false, misleading and deceptive comparative advertisement as shown in Exhibits 3, 4A, 4B, 4C, and 4D.  The advertisement falsely and deceptively shows Plaintiffs TPFP's and TAP's and Defendant's training toilets to be of the same size.  In fact, Plaintiffs TPFP's and TAP's training toilet is much larger than Defendant's training toilet as shown in Exhibit 5.

71.    Defendant's false, misleading and deceptive comparative advertisement has been published on the Amazon.com, Walmart.com, Target.com, and Kids2.com websites.  Copies of the false, misleading and deceptive advertisement are shown in Exhibits 3, 4A, 4B, 4C, and 4D.

72.    The ordinary consumer, customer and potential purchaser seeing Defendant's false, misleading and deceptive comparative advertisement will be misled into believing that Plaintiffs TPFP's and TAP's and Defendant's training toilets are the same size when in fact they are not as Plaintiffs TPFP's, and TAP's training toilet is much larger than Defendant's training toilet.

73.    Defendant's false, misleading and deceptive comparative advertisement was created with the intention of diverting sales from Plaintiffs TPFP and TAP to Defendant.  Since Defendant first published its false, misleading and deceptive advertisement, substantial sales have

been wrongfully and improperly diverted from Plaintiffs TPFP and TAP to Defendant causing Plaintiffs TPFP and TAP to lose sales and suffer substantial damages.

74.    Defendant's false, misleading and deceptive comparative advertisement is intentionally directed at consumers, potential customers and purchasers throughout the United States, including residents of Louisiana in a willful, unlawful, and unfair campaign using a comparative advertisement in a false, deceptive and misleading manner.  Defendant's false, misleading and deceptive comparative advertisement is prominently displayed on Defendant's online on Amazon.com, Walmart.com, Target.com, and Kids2.com webpages, among others, that intentionally targets residents and citizens of the United States and Louisiana.

75.    Defendant's false, misleading and deceptive comparative advertisement is likely to cause consumer mistake by misleading consumers, customers or potential purchasers into believing that Plaintiffs TPFP's and TAP's and Defendant's training toilets are the same size when in fact Plaintiffs TPFP's and TAP's training toilet is much larger.  Defendant's false, misleading and deceptive comparative advertisement is intended to and does unfairly attract consumers, customers and potential purchasers to Defendant's training toilet and away from Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet.

76.    Defendant intentionally directs its activities at residents of the United States including the residents of Louisiana and within this Judicial District in a scheme to deceive and mislead in such a way that a consumer, customer or potential purchaser believes that Plaintiffs TPFP's and TAP's and Defendant's training toilets are the same size when in fact Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  A consumer, customer or potential purchaser including those residing in Louisiana and within this Judicial District seeing Defendant's false, misleading and deceptive comparative

advertisement will likely be misled and deceived into believing that Defendant's smaller training toilet is the same size as Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet. Plaintiffs TPFP and TAP, and consumers, customers and potential purchasers including those who are resident in Louisiana will all be harmed when Defendant's training toilet is purchased in the belief that it is the same size and of equal quality as Plaintiff TPFP's and TAP's NUBY MY REAL POTTY training toilet.

77.    Plaintiffs TPFP and TAP are also being harmed and damaged by having to sell their NUBY MY REAL POTTY training toilet at lower prices than they would have to but for Defendant's false, misleading and deceptive activities and unfair actions. Plaintiffs TPFP and TAP also lose convoyed sales of other products when Defendant wrongfully diverts sales from Plaintiffs TPFP and TAP to Defendant. Plaintiffs TPFP and TAP are also damaged to the extent they incur higher costs, such as additional advertising, promotional and marketing expenses, to combat reputational injuries to Plaintiffs TPFP and TAP directly due to Defendant's wrongful and unlawful false, misleading and deceptive activities and unfair actions.

78.    Plaintiffs TPFP and TAP are being damaged by Defendant's willful and unfair conduct and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Upon information and belief, unless Defendant is enjoined by this Court, Defendant will continue to promote its false, misleading and deceptive comparative advertisement causing harm to Plaintiffs TPFP and TAP and the public.

79.    Plaintiffs TPFP and TAP have no adequate remedy at law to address these injuries.

80.    Plaintiffs TPFP and TAP seek an injunction, damages, costs and attorneys' fees, together with prejudgment and post-judgment interest, all to the full extent that the law allows, for Defendant's unlawful conduct.

## CLAIM III – LOUISIANA LUPTA VIOLATION (LA. R.S. § 51:1401 et seq.) (TPFP & TAP)

81.    Plaintiffs TPFP and TAP incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

82.    Plaintiff TPFP is the original creator, designer, distributor and seller of the NUBY MY REAL POTTY training toilet.  Plaintiff TPFP's NUBY MY REAL POTTY training toilet is of high quality and widely sold throughout the United States including the State of Louisiana and within this Judicial District.  Plaintiff TPFP has extensive sales of the TPFP NUBY MY REAL POTTY training toilet within the United States including the State of Louisiana.  Plaintiff TAP is authorized by Plaintiff TPFP to sell the NUBY MY REAL POTTY training toilet throughout the world outside of the United States.  Plaintiff TAP has extensive sales of the TPFP NUBY MY REAL POTTY training toilet outside the United States.

83.    Defendant is a direct competitor of Plaintiffs TPFP and TAP.  Defendant uses a false, deceptive and misleading comparative advertisement to promote, market, offer for sale and sell a competing training toilet.  The ordinary consumer, customer and potential purchaser when confronted with Defendant's false, deceptive and misleading advertisement will be misled into believing that Plaintiffs TPFP's and TAP's and Defendant's training toilets are the same size when in fact Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet is much larger than Defendant's training toilet.  Also, the quality of Defendant's training toilet is inferior to the quality of Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet as evidenced by negative reviews submitted by consumers to Amazon.com.

84.    Defendant, without authorization or consent from Plaintiffs TPFP and TAP, unlawfully and unfairly uses a false, misleading and deceptive comparative advertisement in connection with the advertising, promotion, marketing, distribution, display, offer for sale and sale

of Defendant's inferior training toilet within the State of Louisiana, the entire United States and throughout the rest of the world. Defendant's inferior training toilet competes directly with Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet. Defendant knows that it has no authorization, permission or right to use Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet in a false, misleading and deceptive comparative advertisement. Consumers, customers and potential purchasers viewing Defendant's false, misleading and deceptive advertisement falsely comparing Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet with Defendant's inferior and smaller training toilet are likely to be confused into believing that Plaintiffs TPFP's and TAP's and Defendant's training toilets are the same size. Defendant's false, misleading and deceptive comparative advertisement will likely deceive consumers, customers and potential purchasers into the mistaken belief that when they buy Defendant's smaller training toilet, they are buying a training toilet equal in size to Plaintiffs TPFP's and TAP's NUBY MY REAL POTTY training toilet. Defendant's false, misleading and deceptive comparative advertisement is intentional, unfair, deceptive, fraudulent, deceitful, willful, deliberate, malicious and in bad faith. Defendant's improper and unfair acts are intended to harm Plaintiffs TPFP and TAP by diverting sales from Plaintiffs TPFP and TAP to Defendant and adversely affecting Plaintiffs TPFP's and TAP's reputation. Defendant's improper, unfair and deceptive acts and practices are also intended to harm consumers, customers and potential purchasers of training toilets in the State of Louisiana, the United States and the rest of the world by deceiving them into purchasing Defendant's inferior training toilet instead of Plaintiffs TPFP's and TAP's superior training toilet. Defendant's unlawful, unfair and deceptive acts and practices are undertaken to support a scheme to unfairly compete with Plaintiffs TPFP and TAP and are unethical, oppressive, unscrupulous, and substantially injurious to both consumers, customers,

potential purchasers and Plaintiffs TPFP and TAP.  As a result of Defendant's intentional, unfair and deceptive methods and conduct, Plaintiffs TPFP and TAP have lost customers, sales, profits and goodwill.  Plaintiffs TPFP's and TAP's reputation has been tarnished, diminished and diluted. Defendant's unlawful acts will continue unless enjoined by this Court.

85.    Plaintiffs TPFP and TAP have no adequate remedy at law to address these injuries.

86.    Plaintiffs TPFP and TAP seek an injunction, damages, costs and attorneys' fees, together with prejudgment and post-judgment interest, all to the full extent that the law allows, for Defendant's unlawful conduct.

## CLAIM IV – FEDERAL TRADEMARK INFRINGEMENT (ADMAR)

87.    Plaintiff Admar incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

88.    Plaintiff Admar is the owner of United States Trademark Registration No. 6,441,854 for the NUBY word trademark shown in Exhibit 6A and has federal common law trademark rights in the stylized version of the NUBY trademark shown in Exhibit 6B.

89.    Defendant's unauthorized use in commerce of the NUBY trademarks in connection with the false, misleading and deceptive comparative advertisement alleged herein is likely to deceive and mislead consumers as to the origin, source, sponsorship, or affiliation of Defendant's training toilet, and is likely to cause consumers to believe, contrary to fact, that Defendant's training toilets are sold, authorized, endorsed, or sponsored by Plaintiff Admar, or that Defendant is in some way affiliated with or sponsored by Plaintiff Admar.  Defendant's conduct therefore constitutes trademark infringement in violation of 15 U.S.C. §§ 1114(1) and 1125(a).

90.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff Admar's prior rights in the NUBY trademarks and with the willful intent to cause confusion and trade on Plaintiff Admar's goodwill.

91.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff Admar, and to its goodwill and reputation, and will continue to both damage Plaintiff Admar and confuse the public unless enjoined by this court.  Plaintiff Admar has no adequate remedy at law.

92.     Plaintiff Admar is entitled to, among other relief, an injunction and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest, all to the extent the law allows.

## CLAIM V – FEDERAL UNFAIR COMPETITION (ADMAR)

93.     Plaintiff Admar incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

94.     Defendant's unauthorized use in commerce of the NUBY trademarks in connection with the false, misleading and deceptive comparative advertisement as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's training toilet, and is likely to cause consumers to believe, contrary to fact, that Defendant's training toilets are sold, authorized, endorsed, or sponsored by Plaintiff Admar, or that Defendant is in some way affiliated with or sponsored by Plaintiff Admar.

95.     Defendant's unauthorized use in commerce of the NUBY trademarks in connection with the false, misleading and deceptive comparative advertisement as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

96.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff Admar.

97.     Defendant's use in commerce of the NUBY trademarks in connection with the false, misleading and deceptive comparative advertisement as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

98.     Defendant's use in commerce of the NUBY trademarks in connection with the false, misleading and deceptive comparative advertisement as alleged herein is causing immediate and irreparable harm and injury to Plaintiff Admar, and to its goodwill and reputation, and will continue to both damage Plaintiff Admar and confuse the public unless enjoined by this court. Plaintiff Admar has no adequate remedy at law.

99.     Plaintiff Admar is entitled to, among other relief, an injunction and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest, all to the extent the law allows.

### CLAIM VI – FEDERAL TRADEMARK DILUTION (ADMAR)

100.    Plaintiff Admar incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

101.    Plaintiff Admar's NUBY trademarks are distinctive and "famous marks" within the meaning of 15 U.S.C. § 1125(c).

102.    Plaintiff Admar's NUBY trademarks became distinctive and famous prior to Defendant's publication of the false, misleading and deceptive comparative advertisement as alleged herein.

103.    Defendant's publication of the false, misleading and deceptive comparative advertisement as alleged herein has diluted and will, unless enjoined, continue to dilute and is likely to dilute the distinctive quality of Plaintiff Admar's famous NUBY trademarks.

104.    Defendant's publication of the false, misleading and deceptive comparative advertisement as alleged herein has tarnished and will, unless enjoined, continue to tarnish, and is likely to tarnish Plaintiff Admar's NUBY trademarks by undermining and damaging the valuable goodwill associated therewith.

105.    Defendant's publication of the false, misleading and deceptive comparative advertisement as alleged herein is intentional and willful in violation of 15 U.S.C. § 1125(c)(1) and has already caused Plaintiff Admar irreparable damage and will, unless enjoined, continue to so damage Plaintiff Admar, which has no adequate remedy at law.

106.    Plaintiff Admar is entitled to, among other relief, an injunction and award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest, all to the extent the law allows.

### CLAIM VII – LOUISIANA TRADEMARK INFRINGEMENT (LA. R.S. 51:222) (ADMAR)

107.    Plaintiff Admar incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

108.    Plaintiff Admar is the owner of the NUBY trademarks shown in the attached Exhibits 7 and 8.  Those trademarks are protected by Louisiana Trademark Registration Nos. 66-9913 and 66-9915.  The registrations for the NUBY trademarks were duly and lawfully issued by the Louisiana Secretary of State.  The NUBY trademark registrations are valid and subsisting. Plaintiff Admar's NUBY trademarks are solely associated with Plaintiff Admar and its licensees

and represent substantial goodwill.  The NUBY trademarks and registrations are valuable assets of Plaintiff Admar.

109.    Defendant advertises, promotes, markets, distributes, displays, offers for sale and sells throughout the United States including Louisiana and within this Judicial District a training toilet in competition with the NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP.  Defendant's training toilet is inferior to the NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP.  Defendant uses a false, misleading and deceptive comparative advertisement that includes the unauthorized use of Plaintiff Admar's NUBY trademarks.  The ordinary consumer, customer and potential purchaser is likely to be confused into believing that Defendant's training toilet is in some way associated with the NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP and originates or is endorsed by Plaintiff Admar.  Defendant's unauthorized use of the NUBY trademarks will likely cause confusion among consumers, customers and potential purchasers of training toilets as to the true source and origin of Defendant's training toilet, and will deceive consumers, customers and potential purchasers into the mistaken belief that Defendant's training toilet originates or is endorsed by Plaintiff Admar.

110.    As a result of Defendant's intentional conduct, Plaintiff Admar's valuable NUBY trademarks have been and are being infringed to Plaintiff Admar's substantial harm and detriment. Plaintiff Admar and its licensees TPFP and TAP have lost customers, profits and goodwill. Plaintiff Admar's reputation has been tarnished and its NUBY trademarks tarnished, diminished and diluted by Defendant's unlawful conduct.  Unless Defendant is restrained from using Plaintiff Admar's NUBY trademarks, Plaintiff Admar will continue to suffer irreparable injury.

111.    Plaintiff Admar is entitled to, among other relief, an injunction and award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with prejudgment and post-judgment interest, all to the extent the law allows.

## CLAIM VIII – LOUISIANA LUPTA VIOLATION (LA. R.S. 51:1401 et seq.) (ADMAR)

112.    Plaintiff Admar incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

113.    Plaintiff Admar is the owner of the NUBY trademarks registered in Louisiana as shown on Exhibits 7 and 8. Plaintiff and its licensees TPFP and TAP use the NUBY trademarks in connection with the sale of high quality training toilets. Consumers, customers and potential purchasers throughout the United States including Louisiana and this Judicial District have come to recognize the NUBY trademarks as signifying products and especially training toilets that originate from Plaintiff Admar and its licensees TPFP and TAP.

114.    Defendant is a direct competitor of Plaintiff Admar and its licensees TPFP and TAP. Defendant advertises, promotes, markets, distributes, displays, offers for sale and sells a competing training toilet that is inferior to the training toilet sold by Admar's licensees TPFP and TAP. Defendant advertises, promotes, markets, distributes, displays, offers for sale and sells throughout the United States including Louisiana and within this Judicial District a training toilet in competition with the NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP. Defendant's training toilet is inferior to the NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP. Defendant uses a false, misleading and deceptive comparative advertisement that includes the unauthorized use of Plaintiff Admar's NUBY trademarks. The ordinary consumer, customer and potential purchaser is likely to be confused into believing that Defendant's training toilet is in some way associated with the

29

NUBY MY REAL POTTY training toilet sold by Plaintiff Admar's licensees TPFP and TAP and originates or is endorsed by Plaintiff Admar.  Defendant's unauthorized use of the NUBY trademarks will likely cause confusion among consumers, customers and potential purchasers of training toilets as to the true source and origin of Defendant's training toilet, and will deceive consumers, customers and potential purchasers into the mistaken belief that Defendant's training toilet originates or is endorsed by Plaintiff Admar.

115.    Defendant, without authorization or consent from Plaintiff Admar, unlawfully and unfairly uses Plaintiff Admar's NUBY trademarks in connection with the advertising, promotion, marketing, distribution, display, offer for sale and sale of Defendant's inferior training toilet within the State of Louisiana.  Defendant knows that it has no authorization, permission or right to use Plaintiff Admar's NUBY trademarks.  Consumers, customers and potential purchasers viewing Defendant's false, misleading and deceptive comparative advertisement that includes the unauthorized use of Plaintiff Admar's NUBY trademarks are likely to be confused into believing that Defendant's training toilet is in some way associated with Plaintiff Admar and originates or is endorsed by Plaintiff Admar.  Defendant's unauthorized use of Plaintiff Admar's NUBY trademarks will likely cause confusion among consumers, customers and potential purchasers of training toilets, who reside in the State of Louisiana, as to the true source and origin of Defendant's training toilet, and will deceive consumers, customers and potential purchasers into the mistaken belief that Defendant's smaller inferior training toilet is the same size as Plaintiff Admar's licensees TPFP's and TAP's NUBY MY REAL POTTY training toilet.  Defendant's use of Plaintiff Admar's NUBY trademarks is intentional, fraudulent, deceitful, willful, deliberate, malicious and in bad faith.  Defendant's improper and unfair acts are intended to harm Plaintiff Admar by diverting sales from Plaintiff Admar's licensees TPFP and TAP to Defendant and

adversely affecting Plaintiff Admar's reputation. Defendant's improper and unfair acts are also intended to harm consumers, customers and potential purchasers of training toilets in the State of Louisiana by deceiving them into purchasing Defendant's smaller inferior training toilet instead of Plaintiff Admar's licensees TPFP's and TAP's training toilet. Defendant's unlawful and unfair acts are undertaken in support of a scheme to unfairly compete with Plaintiff Admar, and Plaintiff Admar's licensees TPFP and TAP, and are malicious, unethical, oppressive, unscrupulous, and substantially injurious to both consumers and Plaintiff Admar. As a result of Defendant's intentional and unfair conduct, Plaintiff Admar and its licensees TPFP and TAP have lost customers, profits and goodwill. Plaintiff Admar's reputation has been tarnished, diminished and diluted. Defendant's unlawful acts will continue unless enjoined by this Court.

116.    Plaintiff Admar has no adequate remedy at law to address these injuries.

117.    Plaintiff Admar is entitled to, among other relief, an injunction and award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with prejudgment and post-judgment interest, all to the extent the law allows.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendant and grant the following relief:

A.    For judgment that Defendant has violated Section 501 of the Copyright Act, 17 U.S.C. § 501;

B.    For a judgment that Defendant has violated 15 U.S.C. §§ 1114 and 1125(a) and La. R.S. 51:222 and 51:1401, et seq.

C.    For an injunction permanently enjoining Defendant and Defendant's officers, agents, servants, employees, representatives, successors, and assigns, and all those in active concert and participation with Defendant:

a.    From copying, preparing derivative works, distributing copies to the public by sale or other transfer or ownership or publicly displaying copies or derivatives of the Copyrighted Work;

b.    From infringing Admar's NUBY trademarks;

c.    Remove Defendant's false, misleading and deceptive comparative advertisement from all websites and online stores; and

d.    From aiding, assisting or abetting any other individual or person in doing any act prohibited by the foregoing sub-paragraphs;

D.    For an accounting of all Defendant's profits derived from its acts of copyright and trademark infringement, unfair competition and deceptive trade practices;

E.    For an order that Defendant destroy or deliver up for destruction all materials in Defendant's possession, custody or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies or derivatives of the Copyrighted Works including all the Infringing Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them;

F.    For an order that Defendant destroy or deliver up for destruction all materials in Defendant's possession, custody or control used by Defendant in connection with Defendant's infringement of Admar's registered and common law trademarks.

G.      For an order that Defendant destroy or deliver up for destruction all materials in Defendant's possession, custody or control used by Defendant in connection with Defendant's false, misleading and deceptive comparative advertisement;

H.      For a judgement awarding Plaintiff TPFP Defendant's profits obtained as a result of Defendant's Copyright infringement, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

I.      For a judgement awarding Plaintiff Admar Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of Admar's registered and common law trademarks and any products, or other materials that include, copy, or otherwise embody Admar's registered and common law NUBY trademarks, or in the Court's discretion, such amount as the Court finds to be just and proper;

J.      For an award of damages sustained by Plaintiffs TPFP and TAP as a result of Defendant's infringing conduct and false advertising, in an amount to be proven at trial;

K.      For an award of Plaintiffs TPFP's reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505;

L.      For an award of interest, including pre-judgment and post-judgment interest, on the foregoing sums;

M.      For judgment awarding actual and punitive damages to all Plaintiffs as proven at trial of this action in accordance with 15 U.S.C. § 1117; La. R.S. § 51:223 and La. R.S. § 51:1409, together with prejudgment and post-judgment interest and costs;

N.      For an accounting of all Defendant's profits derived from its acts of copyright infringement, trademark infringement, unfair competition, and unfair trade practices;

O.      For judgment that Defendant's unfair competition and unfair trade practices are willful entitling all Plaintiffs to an increase in damages up to three times the amount found or assessed;

P.      For judgment awarding all Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in this action;

Q.      For an award of interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

R.      For judgment awarding such other and further relief to which all Plaintiffs are entitled, or the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted this 27th day of August 2025.

*Michael L. DuBos*

Michael L. DuBos
Email: michael@bdw.law
Louisiana State Bar No. 23944
Adam R. Karamanis
Email: adam@bdw.law
Louisiana State Bar No. 39544
Breithaupt, DuBos, & Wolleson, LLC
1811 Tower Drive
Monroe, LA 71201
Telephone: (318) 322-1202
Facsimile:  (318) 322-1984

*Robert M. Chiaviello, Jr.*

Robert M. Chiaviello, Jr.
Louisiana State Bar No.: 37370
Email: bobc@nuby.com
3030 Aurora Avenue
Monroe, LA 71201
Telephone: (318) 410-4012
Facsimile:  (318) 388-5892

*Counsel for Plaintiffs, Talbot's Pharmaceuticals
Family Products, LLC, Talbot's Pharmaceuticals
Asia Pacific Limited, and Admar International,
Inc.*